IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| **GARY L. REINERT, SR.,** ) | |
| ) | |
| Debtor ) | |

| | |
|---|---|
| **GARY L. REINERT, SR.**, ) | |
| ) | 2:12cv1782 |
| Appellant, ) | Electronic Filing |
| ) | |
| v. ) | |
| ) | (Bankruptcy No. 11-22840 -JAD) |
| ) | (Adversary No. 11-ap-2656-JAD) |
| **METAL FOUNDATIONS** ) | |
| **ACQUISITION, LCC**, ) | |
| ) | |
| Appellee. ) | |

## MEMORANDUM ORDER

AND NOW, this 30th day of September, 2013, upon due consideration of the issues raised on appeal and the parties' submissions in conjunction therewith, IT IS ORDERED that the Bankruptcy Court's order of October 15, 2012, be, and the same hereby is, affirmed. The Bankruptcy Court's Memorandum Opinion and the reasoning set forth in Appellee's Brief (Doc. No. 5) as augmented below are adopted in support of this order.

The Bankruptcy court found on the evidentiary record before it that appellant Gary L. Reinert, Sr., was estopped from asserting that any of the Reinert-controlled non-debtor entities owned the assets purportedly transferred in the court-ordered Asset Sale and as a result those assets were sold to Metal Foundations Acquisition ("MFA") pursuant to the Asset Sale and Credit Bid Agreement. Those assets included all assets listed in Exhibits A and B to the Credit Bid Agreement, which encompassed among other things the six boxes of business records, the

tooling in India, the GAI software, and the design drawings. In so finding the Bankruptcy court did not impose equitable duties on Reinert or rely on or somehow expand the duties of a debtor under 11 U.S.C. § 521; to the contrary, Judge Deller focused on the representations and inactions of Reinert in the relevant proceedings and found that his conduct through those actions and inactions caused MFA to rely on various inducements by Reinert to its detriment in releasing its liens and bidding on the assets at the asset purchase auction. Based on these determinations and the applicable law the court further found that MFA was entitled to relief for conversion of those specific assets as well as for misappropriation of the design drawings and GAI software; and it ordered concomitant equitable relief, including enjoining Reinent from selling, using, possessing or transferring any such asset acquired by MFA.

As aptly noted in appellee's brief at 30-34, Reinert's "meandering line of argumentation" does not supply any legal basis for displacing the application of equitable estoppel as applied by the Judge Deller and Reinert clearly has not demonstrated that any fact (let alone a constellation of controlling facts) underlying Judge Deller's disposition of the matters placed before the Bankruptcy Court was erroneous. The matters adjudicated were clearly raised or submitted for disposition by the parties' pleadings, evidence and positions. In short, Reinert has not demonstrated in any manner that the court exceeded its authority, made erroneous findings of fact, failed to apply the appropriate law or erred in applying the law to the facts as it determined them to be on the record before it. Consequently, the order from which he appeals properly has been affirmed.

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: David Z. Valencik, Esquire
Donald R. Calaiaro, Esquire
Francis E. Corbett, Esquire
Brian P. Fagan, Esquire

(Via: CM/ECF Electronic Filing)